UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4679 GAF(CWx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Ramiro Casimiro et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

Plaintiff The Bank of New York Mellon as Successor to JP Morgan Chase Bank, N.A., and as Trustee for the Ownit Mortgage Loan Asset-Backed Certificates, Series 2006-1 ("The Bank of New York") filed this unlawful detainer action against Defendants Ramiro and Norma Casimiro ("the Casimiros") in Ventura County Superior Court on February 18, 2011. (Docket No. 1, Not. of Removal, Ex. A [Compl.].) On June 1, 2011, the Casimiros removed the action to this Court on the purported basis of federal question jurisdiction. (Not. ¶¶ 6-10.)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Thus, a court may remand a case sua sponte for lack of subject matter jurisdiction. Scofield v. Ball, No. 11-0378, 2011 WL 830104, at *1 (S.D. Cal. Mar. 4, 2011) (citing Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984)). When a case is removed, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4679 GAF(CWx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Ramiro Casimiro et al. | | |

Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006). Neither basis for jurisdiction is present in this case.

   *1. Federal Question*

The Casimiros contend that this action presents a federal question, and thus that federal question jurisdiction exists under 28 U.S.C. § 1331. (Not. ¶ 10.) In particular, the Casimiros contend that The Bank of New York failed to provide adequate notice to vacate the premises before initiating this unlawful detainer suit in violation of the Protecting Tenants at Foreclosure Act. (Id. ¶¶ 1, 8, 9.) The Casimiros filed a demurrer to the complaint based on this alleged violation of federal law. (Id. ¶ 8.)

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint.**" Id. (emphasis added). A federal defense does not give rise to federal-question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983).

The Bank of New York's complaint states a single claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law. See Indymac Federal Bank, F.S.B. v. Ocampo, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim). The fact that the Casimiros seek to assert a federal defense does not give rise to federal question jurisdiction. See Franchise Tax Bd., 463 U.S. at 14. The Court accordingly lacks federal question jurisdiction over this unlawful detainer action.

   *2. Diversity Jurisdiction*

The Court also lacks jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Federal courts have jurisdiction on the basis of diversity of citizenship where the matter is between citizens of different states and the amount in controversy exceeds $75,000, not including interest and costs. 28 U.S.C. § 1332(a). Even if The Bank of New York and the Casimiros are citizens of different states, the amount in controversy in this case does not exceed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-4679 GAF(CWx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Ramiro Casimiro et al. | | |

$75,000. The complaint plainly states that "the demand does not exceed $10,000." (Compl. at 1.) This establishes that the amount in controversy does not even come close to the minimum $75,000 threshold for diversity jurisdiction. See U.S. Bank Nat'l Ass'n v. Bravo, No. , 2009 WL 210481, at *3 (C.D. Cal. Jan. 23, 2009) (finding no diversity jurisdiction where "the complaint expressly disclaims any relief in excess of $10,000 (quoting U.S. Bank Nat'l Ass'n v. Belle, 2008 U.S. Dist. LEXIS 54293, at *3 (C.D. Cal. July 8, 2008))).

Further, it appears that the Casimiros are likely citizens of California, as the complaint alleges that they have occupied the disputed property in Oxnard, California since foreclosure of the property (Compl. ¶ 5). See Marroquin v. Wells Fargo, LLC, No. 11-163, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) ("[P]lace of residence is prima facie the domicile." (internal quotations omitted)). Under 28 U.S.C. § 1441, a defendant may remove a case on the basis of diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). For these reasons, the Court also lacks jurisdiction on the basis of diversity of citizenship.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. The Court therefore **REMANDS** this action to Ventura County Superior Court.

**IT IS SO ORDERED.**